**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HAMILTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STUART SHERMAN, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01010-SAB (PC)<br><br>ORDER ADDRESSING PLAINTIFF'S FIRST AMENDED COMPLAINT AND NOTICE OF RELATED CASE<br><br>(ECF Nos. 9, 10) |

Eddie Hamilton ("Plaintiff") is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 6, 2019, the Court screened Plaintiff's complaint and found that it stated a claim against Defendant Milan in his individual capacity for deliberate indifference in violation of the Eighth Amendment, but failed to state any other cognizable claims. (ECF No. 8.) Plaintiff was provided with the legal standards that apply to his claims and is to either file an amended complaint or notify the Court that he wishes to proceed on the claims found to be cognizable within thirty days of August 6, 2019.

On August 9, 2019, Plaintiff filed a first amended complaint and a notice of related cases. (ECF Nos. 9, 10.) First, as to Plaintiff's notice of related case, Plaintiff states that Joseph D. Rodriguez v. Stuart Sherman, No. 1:15-cv-01754-LJO-EPG (PC) and Edward Spencer v. Stuart Sherman, No. 1:17-cv-00479-AWI-GSA contain virtually the same the allegations for the adverse conditions of confinement and the parties reached a settlement agreement. To the extent

1

that Plaintiff seeks for this court to find that Plaintiff has stated a claim and order service in this case based on <u>Rodriguez</u> and <u>Spencer</u>, although the complaints generally allege that the plaintiffs were subjected to similar conditions, it is the factual allegations that Plaintiff has included in his complaint that the court considers in determining if he has stated a claim. Plaintiff is referred to the August 6, 2019 screening order for the deficiencies identified in his original complaint.

To the extent that Plaintiff may be seeking to have these actions related, the Local Rules of the Eastern District of California provide that where a notice of related case is filed, the actions may be reassigned to a single judge if it is determined that it would be likely to effect a savings of judicial effort or other economies. Local Rule 123(c). Here, both cases which Plaintiff has identified as being related have settled and are closed. The Court finds that reassignment in this instance would not be likely to effect a savings of judicial effort or other economies and therefore this case should not be reassigned.

Additionally, the Court has reviewed Plaintiff's first amended complaint and finds it to be substantially identical to the original complaint filed on July 24, 2019. Plaintiff is advised that if he wishes to proceed on the claims found to be cognizable in the August 6, 2019 screening order then he will need to file a request to withdraw his first amended complaint. Otherwise, Plaintiff shall file a second amended complaint within thirty days of August 6, 2019.

IT IS SO ORDERED.

Dated: **August 15, 2019**

UNITED STATES MAGISTRATE JUDGE

2